**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PROFESSIONAL INVESTIGATING AND**
**CONSULTING AGENCY, INC.**
**d/b/a PICA Corporation,**

         **Plaintiff,**

                                     **Civil Action 2:19-cv-3304**
    **v.**                                **Chief Judge Algenon L. Marbley**
                                        **Magistrate Judge Kimberly A. Jolson**

**SOS SECURITY LLC, et al.,**

         **Defendants.**

## OPINION AND ORDER

This matter is before the Court on two Motions to Seal exhibits to Vincent Volpi's deposition. (Docs. 60, 61). Plaintiff moves to seal Exhibits Z, DD, EE, GG, and HH. (Doc. 60). Defendants move to seal Exhibits C and K. (Doc. 61). For the reasons that follow, both Motions (Doc. 60, 61) are **GRANTED**.

## I.    STANDARD

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at

305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

## II.    DISCUSSION

Plaintiff and Defendant each move to seal certain exhibits to Vincent Volpi's deposition which contain confidential business information. (Doc. 60, 61). They have submitted the exhibits

for review via email.  (*See* Doc. 62).  Upon review, the Court concludes that the parties have met their burden to seal.

Plaintiff moves to seal five exhibits.  Three exhibits, Z, DD, and EE, "detail the terms of an acquisition process" which discloses financial data, negotiations for the purchase of the company, clients, vendors, and pricing.  (Doc. 60 at 7).  Two exhibits, GG and HH, "relate to the Liberty Mutual Olympics Proposal" which includes "pricing strategy and specific costs related to the protection detail."  (*Id.* at 8).  Defendant moves to seal two exhibits, C and K, which contain their proposal to acquire Plaintiff.  (Doc. 61 at 4).  This proposal includes pricing information and business strategy.  (*Id.*).

They represent that disclosure on the public docket of this confidential business information would put them at a competitive disadvantage.  (Docs. 60 at 1, 61 at 4).  This Court has recognized that companies have a compelling interest in protecting confidential information when disclosure on the public docket would "give a significant advantage to competitors of the parties in this action."  *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020); *see also Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021); *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-cv-4262, 2022 WL 1080772, *3 (S.D. Ohio Apr. 11, 2022).  The parties have met the burden to justify sealing these documents because they contain confidential business information, including confidential pricing information and business strategy.  (*See* Doc. 60 at 7–8, 61 at 4).  Further, the parties' requests are narrowly tailored to protect confidential business strategy and financial information.  They only seek to seal exhibits containing such information.  Lastly, the public has a lesser interest in viewing this confidential business information because it is not needed to understand the events giving rise to the dispute or the

3

arguments in the case.  *See Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2020 WL 6110569, at *3 (S.D. Ohio Oct. 16, 2020).

Accordingly, the parties have satisfied their burden to seal the exhibits by demonstrating that there is a compelling interest to seal that outweighs the public interest and the seal is narrowly tailored.  *See Kondash*, 767 F. App'x at 637.

## III.    CONCLUSION

The Motions to file exhibits Z, DD, EE, GG, HH, C, and K under seal (Doc. 60, 61) are **GRANTED**.  The Clerk is **DIRECTED** to give the parties permission to file the exhibits under **SEAL**.  The parties **SHALL** file the exhibits by **September 29, 2022**.

IT IS SO ORDERED.

Date: September 22, 2022                          s/ Kimberly A. Jolson
                                                             KIMBERLY A. JOLSON
                                                             UNITED STATES MAGISTRATE JUDGE