IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PROFESSIONAL INVESTIGATING**
**AND CONSULTING AGENCY, INC.**
**d/b/a PICA CORPORATION,**

      **Plaintiff,**

      v.

**SOS SECURITY LLC,**

      **Defendant.**

      Case No. 2:19-cv-3304
      **Chief Judge Algenon L. Marbley**
      **Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to File Document Under Seal. (Doc. 78). Defendant SOS Security LLC ("SOS Security") moves to seal certain exhibits from Rodolfo Diaz's deposition. Plaintiff did not file a response by the expedited briefing deadline (Doc. 80), so the Court treats this Motion as unopposed. For the following reasons, the Motion is **GRANTED in part and DENIED in part**. SOS Security is **ORDERED** to file the redacted and sealed exhibits consistent with this Opinion and Order **within seven (7) days**.

**I.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court

record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at 305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify

nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

**II. DISCUSSION**

SOS Security moves to seal six exhibits from Rodolfo Diaz's deposition: Exhibit 1, Rodolfo Diaz's resumé and email message; Exhibit 6, an email exchange between an SOS Security employee and Rodolfo Diaz; Exhibit 9, an email exchange between an SOS Security employee and Rodolfo Diaz; Exhibit 10, an email exchange between an SOS Security employee and Rodolfo Diaz; Exhibit 11, an email exchange between an SOS Security employee and Rodolfo Diaz; and Exhibit 14, an email exchange between a potential client and Rodolfo Diaz. SOS Security says the exhibits contain confidential and proprietary information, including pricing and strategic information. (Doc. 78 at 4). Disclosure of any of these exhibits, it says, would risk revealing confidential business information to SOS Security competitors. (*Id.*).

This Court has recognized that companies have a compelling interest in protecting confidential information when disclosure on the public docket would "give a significant advantage to competitors of the parties in this action." *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020); *see also Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021); *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-cv-4262, 2022 WL 1080772, at *3 (S.D. Ohio Apr. 11, 2022). Additionally, the public has a lesser interest in viewing this confidential business information because it is not needed to understand the events giving rise to the dispute or the arguments in the case. *See Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2020 WL 6110569, at *3 (S.D. Ohio Oct. 16, 2020). For following reasons, the Court **GRANTS** the Motion to Seal as it pertains to Exhibit 14 and **DENIES in part** the Motion to Seal

3

as it pertains to Exhibits 1, 6, 9, 10, and 11. SOS Security is **ORDERED** to redact portions of those Exhibits as described below.

### A. Exhibit 1

SOS Security seeks to seal Exhibit 1, which includes Rodolfo Diaz's resumé and an email from Mr. Diaz discussing SOS Security's possible expansion into other countries. The Court finds a complete seal of this Exhibit unwarranted when redaction of confidential strategic information would be sufficient. Preliminarily, the Court finds SOS Security's contention that Mr. Diaz's resumé contains confidential strategic business information that would give competitors an advantage if made public without merit. The resumé describes Mr. Diaz's work at a high level; indeed, all the information could easily be made public by Mr. Diaz's own distribution of the resumé to potential employers or by publishing it on professional social media websites such as LinkedIn. Even more, this case centers around the alleged breach of contract and misappropriation of trade secrets by SOS Security, and Mr. Diaz—as a leader in the industry with decades of experience for numerous security companies, including Plaintiff and Defendant—is a key actor. His resumé is relevant to this litigation. As such, the Court finds that SOS Security has not satisfied its burden in demonstrating there is a compelling interest in sealing Mr. Diaz's resumé that outweighs the public interest. *See Kondash*, 767 F. App'x at 637.

Exhibit 1 also includes an email from Mr. Diaz briefly describing SOS Security's interest in expanding to two additional countries. The Court finds that this email includes information about business strategies. Yet, sealing the entire Exhibit due to this one email comprising of one page in the Exhibit is not narrowly tailored. Redacting only the confidential information balances SOS Security's concern with the public's interest in understanding the case. *See Shane Grp.*, 825 F.3d at 305. Accordingly, SOS Security shall redact the strategic business information included

4

on page 5 of Exhibit 1 and file the redacted version of the Exhibit on the public docket **within seven (7) days** of the date of this Order.

### B. Exhibit 6

SOS Security asserts that Exhibit 6 includes the name of an actual or potential client and seeks to seal the entire Exhibit because of this. (Doc. 78 at 5). Records containing the names of customers or clients are confidential and potentially appropriate for filing under seal. *Total Quality Logistics, LLC*, No. 1:19-CV-23, 2020 WL 5849408, at *2. Yet again, the sealing request is not narrowly tailored. As such, SOS Security shall redact the client's name and file the redacted version of Exhibit 6 on the public docket **within seven (7) days** of the date of this Order.

### C. Exhibits 9–11

Exhibits 9–11 contain email exchanges between Mr. Diaz and an SOS Security employee about procuring SOS Security's services for an upcoming business trip to Brazil. SOS Security admits that Exhibit 9 contains confidential business strategy information—"albeit briefly." (Doc. 78 at 5). Accordingly, by SOS Security's own admission, sealing the entire document would not be narrowly tailored. The Court **ORDERS** SOS Security to redact the portion of the Exhibit containing SOS Security's strategic thoughts on how to provide security for the trip and file the redacted version of Exhibit 9 on the public docket **within seven (7) days** of the date of this Order.

Exhibits 10 and 11 contain a quoted price for SOS Security's services. A company's pricing information is confidential and subject to redaction or seal. *Sound Energy Co., Inc. v. Ascent Resources-Utica, LLC*, No. 2:18-cv-1771, 2020 WL 13528338, *2 (S.D. Ohio Apr. 3, 2020) (holding purchase prices as confidential, disclosure of which could allow the parties' competitors to "gain[] a competitive advantage," and thus warranting information's redaction from filed exhibits). Again, because it is more narrowly tailored, redacting the quoted prices is more

appropriate than wholesale sealing. The Court **ORDERS** SOS Security to redact the portion of Exhibits 10 and 11 containing pricing information and file the redacted version of Exhibits on the public docket **within seven (7) days** of the date of this Order.

    **D.**    **Exhibit 14**

SOS Security asserts that the email exchange in Exhibit 14 includes the name of an actual or potential client. (Doc. 78 at 5). Based on the Court's *in camera review*, it appears that the client is emailing Mr. Diaz; thus, the confidential information permeates the entire Exhibit. As such, the Court grants the request to seal Exhibit 14 in its entirety.

*****

The parties are reminded that any further requests to seal must be narrowly tailored. Failure to comply with the law will result in a denial of any motion to seal.

**III.**    **CONCLUSION**

For the foregoing reasons, Defendant SOS Security's Motion to File Documents Under Seal (Doc. 78) is **GRANTED in part and DENIED in part**. Plaintiff is **ORDERED** to file the redacted and sealed exhibits consistent with this Opinion and Order within seven (7) days.

    IT IS SO ORDERED.

Date: November 4, 2022        /s/ Kimberly A. Jolson
        KIMBERLY A. JOLSON
        UNITED STATES MAGISTRATE JUDGE